**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIANA HERRERA MARIN; S.R.H., | No. 24-3258 |
| Petitioners, | Agency Nos. A241-732-584 A241-732-585 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2025[**]
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

Diana Herrera Marin and her minor son, natives and citizens of Colombia,

petition for review of a decision of the Board of Immigration Appeals ("BIA")

dismissing an appeal from an order of an Immigration Judge ("IJ") denying asylum,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT").[1]

Exercising jurisdiction under 8 U.S.C. § 1252(a), we deny the petition.

1.     The IJ denied asylum and withholding after finding that there was no evidence that Herrera's attackers "were motivated by a belief that [she] held a political opinion," and the sole motivation for an attack by gang members was "to collect a debt and/or extort money from [her]."  Contrary to Herrera's contention, the BIA applied the correct standards when it reviewed those factual findings for clear error and when, on de novo review, it affirmed the IJ's determination that Herrera had not established a nexus between her past or feared persecution and a protected ground.  *See Umana-Escobar v. Garland*, 69 F.4th 544, 552 (9th Cir. 2023).

An applicant for asylum or withholding must establish a fear of persecution (1) by the government of the country of removal or those the government is unable or unwilling to control (2) on account of a protected ground.  8 C.F.R. § 1208.13(b) (asylum); 8 C.F.R. § 208.16(b) (withholding).  Past persecution creates a rebuttable presumption of future persecution.  *See Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017).  However, when "the agency concludes that the petitioner has not shown

---

[1]     A derivative beneficiary of his mother's asylum application, Herrera's son also submitted his own application for asylum, withholding, and CAT protection. The BIA did not address his applications separately, and no distinct arguments about him are raised in the petitioners' briefing.  We therefore address only the mother's arguments.

*any* nexus whatsoever" between the past harm and a protected ground, "then the petitioner fails to establish past persecution for both asylum and withholding." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023).

Substantial evidence supports the agency's finding that Herrera's attackers were motivated only by greed. She presented no evidence that she held an "anti-gang" political opinion, the attackers knew of that opinion, or they attacked her because of it. And although her brief discusses violence against women in Colombia and the cognizability of various family- and gender-based particular social groups, the record does not compel the conclusion that the men who attacked her targeted her because she was a woman or a widow. Indeed, Herrera testified that they did so solely because they were "going after the money" they had lent Herrera's deceased husband. The "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). And because Herrera's failure to establish nexus was dispositive of her asylum and withholding claims, the BIA did not err in declining to reach additional issues. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

2.      In her opening brief to this Court, Herrera discusses her CAT application in only one conclusory sentence. Therefore, she has forfeited any challenge to the denial of her CAT claim because "[i]ssues raised in a brief that are not supported by argument are deemed abandoned." *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

**PETITIONS FOR REVIEW DENIED.**[2]

---

[2] The stay of removal, **Dkt. 2**, shall dissolve on the issuance of the mandate.